UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERWIN HARRIS,

        Petitioner,

v.

        CASE NO. 04-CV-74766-DT
        HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/

## MEMORANDUM AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS IN PART
## AND
## DISMISSING SUPPLEMENTAL CLAIM WITHOUT PREJUDICE

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Erwin Harris ("Petitioner"), a state prisoner currently confined at the Straits Correctional Facility in Kincheloe, Michigan,[1] was convicted of two counts of armed robbery and two counts of possession of a firearm during the commission of a felony which were imposed following a jury trial in the Washtenaw County Circuit Court in 1999. He was sentenced to concurrent terms of 10 to 20 years on the armed robbery convictions and to concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the armed robbery sentences. Petitioner raises claims challenging the sufficiency of the evidence for one of the armed robbery convictions and for both of the felony firearm convictions, as well as a due process claim. For the reasons that follow, the Court

---

[1] At the time he instituted this action, Petitioner was confined at the Ryan Correctional Facility in Detroit, Michigan where Respondent is the warden.

denies habeas relief on the insufficient evidence claims, but dismisses without prejudice the supplemental due process claim.

## II. Facts and Procedural History

Petitioner's convictions arise from an incident in which he and Eugene Mays robbed two people at a gas station in Washtenaw County, Michigan on September 28, 1998. The Michigan Supreme Court described the facts as follows:

> Harris drove Eugene Mays to a gasoline station. Mays had a sawed-off shotgun in the vehicle. Harris first entered the store on the pretense of asking for directions. After leaving the store, he reentered moments later followed by Mays, who was wielding the shotgun. While Mays pointed the gun at the clerk, Harris approached a customer from behind and proceeded to remove the customer's wallet and other items from his pockets. The clerk refused to give Mays any money and pushed a button that locked the cash register. Although Harris repeatedly directed Mays to "pop," or shoot, the clerk after he locked the register, the two men left the store without physically harming either the clerk or the customer.
>
> Defendant Harris was convicted by a jury on two counts of armed robbery, two counts of felony-firearm on an aiding and abetting theory, and one count of fleeing and eluding the police.

*People v. Moore*, 470 Mich. 56, 60-61, 679 N.W.2d 41 (2004) (footnotes omitted).

Following sentencing, Petitioner filed an appeal as of right challenging the sufficiency of the evidence to support his conviction for the armed robbery of the customer and challenging the sufficiency of the evidence to support the felony firearm convictions. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Harris*, No. 222468, 2001 WL 849867 (Mich. App. July 27, 2001) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was granted on the issue of whether there was sufficient evidence to support Petitioner's felony firearm convictions. *People v. Harris*, 467 Mich.


2:04-cv-74766-AC-WC   Doc # 24   Filed 10/16/06   Pg 3 of 12   Pg ID 108

896, 654 N.W.2d 328 (2002). The Michigan Supreme Court subsequently affirmed Petitioner's felony firearm convictions. *People v. Harris*, 470 Mich. 56, 679 N.W.2d 41 (2004).

Petitioner then filed the present petition for writ of habeas corpus, asserting the following claims as grounds for relief:

> I.  Petitioner's due process right to be convicted only on the basis of legally sufficient evidence was violated when Petitioner was convicted of two counts of felony firearm and the prosecutor failed to prove that Petitioner possessed the firearm or aided and abetted in the obtaining or retaining of the firearm.
>
> II. Petitioner's due process right to be convicted only on the basis of legally sufficient evidence was violated when Petitioner was convicted of armed robbery of [the customer] and the prosecutor failed to proved that Petitioner committed the robbery while armed.

Respondent filed an answer to the petition asserting that both claims should be denied for lack of merit. Petitioner, through appointed counsel, then filed a supplemental brief asserting that the Michigan Supreme Court's decision affirming his felony firearm convictions violates the due process principles as set forth in *Bouie v. City of Columbia*, 378 U.S. 347 (1964). Respondent did not file a response to that supplemental paper.

### III. <u>Standard of Review</u>

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as

determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, a federal court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Analysis

### A. Insufficient Evidence Claims

Petitioner first claims that he is entitled to habeas relief because the prosecution failed to present sufficient evidence to support his conviction for the armed robbery of the gas station customer and to support his felony firearm convictions. Respondent contends that these claims lack merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319; *see also DeLisle v. Rivers*, 161 F.3d 370, 389 (6th Cir. 1998). The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Further, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted). With this standard in mind, the Court will consider each of Petitioner's claims.

### 1. Sufficiency of Evidence for Armed Robbery of Customer

To convict a defendant of armed robbery under Michigan law, the prosecution must establish the following elements: (1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute. *See* Mich. Comp. L. § 750.529; *People v. Allen*, 201 Mich. App. 98, 100, 505 N.W.2d 869 (1993). Additionally, Michigan has an accomplice statute which provides that one accomplice is equally liable for the actions of the other accomplice when they are operating in concert. *See* Mich. Comp. L. § 767.39; *People v. Dykes*, 37 Mich. App. 555, 559, 195 N.W.2d 14 (1972).

Here, the Michigan Court of Appeals (the last state court to rule on this issue) concluded that the prosecution presented sufficient evidence to support Petitioner's conviction for the armed robbery of the gas station customer, James Morton, because the evidence established that Petitioner and his cohort, the armed Eugene Mays, acted

6

in concert to facilitate the robbery of the customer.  *See Harris*, 2001 WL 849867 at *1-2.

The Michigan Court of Appeals' decision is consistent with *Jackson* and constitutes a reasonable application thereof, as well as a reasonable determination of the facts in light of the evidence.  The victims' testimony, viewed in a light favorable to the prosecution, established that Petitioner and Mays acted in concert to commit the armed robberies of both the customer and the gas station clerk.  Petitioner cased the gas station, and then he and Mays entered the gas station together while Mays was armed with a gun.  Mays pointed the gun at the clerk and demanded money while Petitioner stood nearby.  When the clerk refused to comply, Petitioner urged Mays to shoot the clerk.  Petitioner then pushed the customer and took money and other items from him.  The evidence thus supports a reasonable inference that Petitioner relied upon the gun held by Mays to facilitate his robbery of the customer.  The customer was aware that Mays had a gun and that Petitioner had urged Mays to shoot the gas station clerk.  The customer testified that he held up his hands and was afraid that he would be shot.  Given such evidence, a rational trier of fact could conclude beyond a reasonable doubt that Petitioner committed an armed robbery of the gas station customer.  Habeas relief is therefore not warranted on this insufficient evidence claim.

### 2. <u>Sufficiency of Evidence for Felony Firearm</u>

Under Michigan law, the elements of felony firearm are that the defendant carried or possessed a firearm during the commission of, or the attempt to commit, a felony.  *See* Mich. Comp. L. § 750.227b; *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864 (1999).  On direct appeal of Petitioner's convictions, the Michigan

Supreme Court held that Michigan's general aiding and abetting principles should apply to felony firearm violations. The court stated:

> Under the aiding and abetting statute, M.C.L. § 767.39, the correct test for aiding and abetting felony-firearm in Michigan is whether the defendant 'procures, counsels, aids, or abets in [another carrying or having possession of a firearm during the commission or attempted commission of a felony].'
>
> * * *
>
> Establishing that a defendant has aided and abetted a felony-firearm offense requires proof that a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement which aided or assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave the aid and encouragement.

*Harris*, 470 Mich. at 70-71 (citing *People v. Carines*, 460 Mich. 750, 757, 597 N.W.2d 130 (1999)). The court cautioned that a prosecutor must do more than demonstrate that the defendant aided and abetted the commission of the underlying crime; rather the prosecutor must present evidence proving that the defendant intentionally aided or abetted the felony-firearm possession by specific words or deeds. *See Harris*, 470 Mich. at 70 n. 18.

Applying these principles, the Michigan Supreme Court concluded that the prosecution presented sufficient evidence that Petitioner aided and abetted Mays in committing felony firearm because Petitioner actively urged, incited, encouraged or motivated Mays to use the weapon in his possession. *Id.* at 71. Specifically, the court found that Petitioner drove Mays to the gas station, cased the station, reentered the station with the armed Mays, used Mays' possession of the firearm to intimidate and rob the gas station customer, and actively encouraged Mays to shoot the gas station

clerk. *Id.* at 72-73. In reaching this decision, the court noted that "[i]mplicit in the use of a firearm is the possession of that firearm."

The Michigan Supreme Court's decision is neither contrary to *Jackson* nor an unreasonable application thereof. The evidence at trial established that Eugene Mays, Petitioner's accomplice, was armed, that Petitioner drove Mays to the gas station and cased it, that Petitioner relied upon Mays being armed to facilitate his robbery of the gas station customer, and that Petitioner urged Mays to shoot the gas station clerk during the course of the robbery. Given such facts and considering them in a light favorable to the prosecution, a reasonable factfinder could conclude that Petitioner performed acts or gave encouragement which aided or assisted Mays in committing the felony firearm violation, and that he intended, or knew that Mays intended, to commit felony firearm. Habeas relief is therefore not warranted based upon Petitioner's insufficient evidence claim under *Jackson, supra*.

Additionally, to the extent that Petitioner challenges the Michigan Supreme Court's interpretation of the felony firearm statute, he is not entitled to relief from this Court. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, _ U.S. _, 126 S. Ct. 602, 604 (2005). As the Sixth Circuit has explained:

> Evidence can be insufficient only in relation to a rule of law requiring more or different evidence. When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms. These norms are for the state to select. State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.

9

*Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.3d 99 (7th Cir. 1991)). Habeas relief is not available based upon a perceived error of state law.

### B.  Due Process Claim

In the supplemental brief filed through counsel, Petitioner also asserts that he is entitled to habeas relief because the Michigan Supreme Court's decision overruling prior precedent, *People v. Johnson*, 411 Mich. 50, 303 N.W.2d 442 (1981), and imposing a new test for aiding and abetting felony firearm in Michigan violates due process and runs contrary to *Bouie v. City of Columbia*, 347 U.S. 347, 354-55 (1964) (retroactively applying an unforeseeable state court interpretation of a criminal statute violates due process). *See also Rogers v. Tennessee*, 532 U.S. 451, 462 (2001) ("judicial alteration of a common law doctrine of criminal law violates the principles of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue").

Petitioner, however, has not exhausted this issue in the state courts. A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). A petitioner must

present each ground to both appellate courts to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). As stated in *Anderson v. Harless*, 459 U.S. 4, 6 (1982), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." A Michigan prisoner is required to raise each issue he seeks to present in a federal habeas proceeding before the state trial court and both Michigan appellate courts. *Hafley*, 902 F.2d at 483. The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not raised his *Bouie* claim in the Michigan courts. He has available avenues for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* raising this claim and then pursue the claim in the state appellate courts as necessary. His unexhausted claim should be addressed to, and considered by, the state courts in the first instance. This claim shall therefore be dismissed pending exhaustion of state remedies.

## V. Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on the insufficient evidence claims presented in his initial habeas petition. Accordingly, the petition is **DENIED** as to these claims.

Petitioner has not exhausted his *Bouie* claim in the state courts. Accordingly,

this claim is **DISMISSED WITHOUT PREJUDICE**.  Petitioner may re-open this case to proceed on the *Bouie* claim once it has been exhausted in the state courts.  This option is conditioned upon Petitioner filing his motion for relief from judgment in the state trial court within 90 days of the filing date of this order and returning to this Court with a motion to re-open this matter, using the same caption and case number, within 30 days of exhausting state remedies.  This case is **CLOSED for Administrative Purposes** pending compliance with these conditions.

    **SO ORDERED**.

                                                        s/Avern Cohn
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE

DATED: 10/16/06
      Detroit, Michigan