UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERWIN HARRIS,

        Petitioner,

                                              CASE NO. 04-CV-74766-DT
v.                                        HONORABLE AVERN COHN

RAYMOND BOOKER,

        Respondent.
_____/

## MEMORANDUM AND ORDER GRANTING
## HABEAS RELIEF ON DUE PROCESS CLAIM

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan parolee Erwin Harris ("Petitioner")[1] was convicted of two counts of armed robbery and two counts of possession of a firearm during the commission of a felony following a jury trial in the Washtenaw County Circuit Court in 1999. He was sentenced to concurrent terms of 10 to 20 years on the armed robbery convictions and to concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the armed robbery sentences.

In his habeas application, Petitioner raised claims challenging the sufficiency of the evidence for one of the armed robbery convictions and for both of the felony firearm convictions, as well as a due process claim. On October 16, 2006, the Court issued a Memorandum and Order denying Petitioner relief on his insufficient evidence claims,

---

[1] Petitioner was released on parole during the pendency of this case. When he instituted his original action, he was confined at the Ryan Correctional Facility in Detroit, Michigan where Respondent was the warden.

and dismissing the due process claim without prejudice to allow him to properly exhaust that issue in the state courts. See Dkt. #24. Petitioner completed his remedies in the state courts and has returned to the Court to proceed on the now-exhausted due process claim. The parties have filed supplemental papers in support of their positions. The matter is ready for decision. For the reasons that follow, Petitioner is entitled to habeas relief on his due process claim.

## II. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. See *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*,

529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are

3

correct. See 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. See *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. Relevant Facts

Petitioner's convictions arise from an incident in which he and Eugene Mays robbed two people at a gas station in Washtenaw County, Michigan on September 28, 1998. The Michigan Supreme Court described the facts, which are presumed correct on habeas review, see *Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> Harris drove Eugene Mays to a gasoline station. Mays had a sawed-off shotgun in the vehicle. Harris first entered the store on the pretense of asking for directions. After leaving the store, he reentered moments later followed by Mays, who was wielding the shotgun. While Mays pointed the gun at the clerk, Harris approached a customer from behind and proceeded to remove the customer's wallet and other items from his pockets. The clerk refused to give Mays any money and pushed a button that locked the cash register. Although Harris repeatedly directed Mays to "pop," or shoot, the clerk after he locked the register, the two men left the store without physically harming either the clerk or the customer.
>
> Defendant Harris was convicted by a jury on two counts of armed robbery, two counts of felony-firearm on an aiding and abetting theory, and one count of fleeing and eluding the police.

*People v. Moore*, 470 Mich. 56, 60-61, 679 N.W.2d 41 (2004) (footnotes omitted).

As part of his direct appeal, Petitioner challenged the sufficiency of the evidence to support his felony firearm convictions asserting that the prosecution failed to present evidence that he assisted Mays in obtaining or retaining the firearm used during the robberies. Michigan's felony firearm statute provides, in relevant part:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony . . . is guilty of a felony, and shall be imprisoned for 2 years.

4

Mich. Comp. Laws § 750.227b(1). The purpose of the felony firearm statute is to enhance the penalty for possessing firearms during the commission of felonies and to deter the use of guns. See *Wayne Co. Prosecutor v. Recorder's Ct. Judge*, 406 Mich. 374 391; 280 N.W.2d 793 (1979), *overruled in part on other grounds*, *People v. Robideau*, 419 Mich. 458, 355 N.W.2d 592 (1984). The aiding and abetting statute provides:

> Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

Mich. Comp. Laws § 767.39. The purpose of the aiding and abetting statute is to abolish the distinction between accessories and principals to an offense so that both may be punished equally upon conviction for the crime. See *People v. Palmer*, 392 Mich. 370, 378, 220 N.W.2d 393 (1974).

In *People v. Johnson*, 411 Mich. 50, 303 N.W.2d 442 (1981), the Michigan Supreme Court held that a person could be convicted of aiding and abetting felony firearm only if he or she aided the principal in either "obtaining" or "retaining" possession of the firearm used during the attempted or completed felony. *Johnson*, 411 Mich. at 54. That standard was in effect at the time of Petitioner's crimes.

Citing *Johnson,* the Michigan Court of Appeals ruled that the prosecution presented sufficient evidence to support Petitioner's felony firearm convictions under an aiding and abetting theory. The court relied on evidence that Petitioner drove his armed accomplice, Mays, to the robbery and encouraged him to use the gun during the robbery. See *People v. Harris*, No. 222468, 2001 WL 849867 (Mich. App. July 27,

5

2001) (unpublished).

The Michigan Supreme Court disagreed, finding that the prosecution failed to present sufficient evidence to support Petitioner's felony firearm convictions under the existing *Johnson* standard for aiding and abetting felony firearm, *i.e.,* the prosecution failed to show that Petitioner assisted Mays in obtaining or retaining possession of the gun, and stating that Petitioner's felony firearm convictions would be reversed under that standard. *See Harris*, 470 Mich. at 65-66. The Michigan Supreme Court then overruled *Johnson*, finding that its holding was overly narrow, and held that while a person may still be convicted of aiding and abetting felony firearm upon proof that he or she aided the principal in obtaining or retaining the firearm, a person may also be convicted of aiding and abetting felony firearm upon proof that he or she "aided and abetted another in carrying or having in his possession a firearm while that other commits or attempts to commit a felony." *Harris*, 470 Mich. at 68. The court went on to apply general aiding and abetting principles to the facts of Petitioner's case, stated that "[i]mplicit in the use of a firearm is the possession of that firearm," *id.* at 71, and concluded that, under the new standard, the prosecution presented sufficient evidence to support Petitioner's felony firearm convictions under an aiding and abetting theory. *Id.* at 73-74. Justices Cavanagh, Kelly, and Taylor dissented from the four-person majority opinion.

### IV. Discussion

### A.

Petitioner asserts that he is entitled to habeas relief because the Michigan Supreme Court's decision in his case overruling prior precedent, *People v. Johnson*,

6

411 Mich. 50, 303 N.W.2d 442 (1981), and imposing a new and retroactively applicable test for aiding and abetting felony firearm in Michigan violates due process and runs contrary to *Bouie v. City of Columbia*, 347 U.S. 347, 354-55 (1964) (retroactively applying an unforeseeable state court interpretation of a criminal statute violates due process). Petitioner relatedly asserts that, under the old test for aiding and abetting felony firearm, the prosecution presented insufficient evidence to support his felony firearm convictions such that those convictions must be overturned. Respondent contends that the due process claim lacks merit because the Michigan Supreme Court's interpretation of the statute was based upon the language of the statute and was foreseeable and requests that habeas relief be denied.

B.

On post-conviction review, the state trial court denied Petitioner relief on his due process claim finding that the Michigan Supreme Court's decision "did not amount to an unexpected or indefensible interpretation of MCL 767.39." *People v. Harris*, No. 98-11081-FC (Washtenaw Co. Cir. Ct. May 18, 2007). The court further explained:

> [The] testimony showed that [Harris] drove his accomplice, Mays, to the gas station. Harris 'cased' the interior of the store. Harris left the store and re-entered with Mays. Harris used Mays' possession of the firearm to intimidate and rob a store customer. Harris also encouraged Mays to 'pop' or shoot the store clerk when the clerk locked the register and refused to hand over the money. [Harris] ultimately drove away with Mays and the firearm.
>
> Harris did in fact counsel, aid, or abet Mays in the commission of a felony firearm.

*Id*. The Michigan Court of Appeals denied leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *See People v. Harris*, No. 280406 (Mich. Ct. App. Dec. 13, 2007). The Michigan Supreme Court

7

similarly denied leave to appeal. *People v. Harris*, 482 Mich. 880, 752 N.W.2d 464 (2008).[2]

## C.

The Court concludes that the state court decisions denying relief on this claim are contrary to or an unreasonable application of United States Supreme Court precedent. The United States Supreme Court has clearly established that an unforeseeable judicial enlargement of a criminal statute, applied retroactively, violates the federal due process right to fair warning of what constitutes criminal conduct. *See Bouie*, 378 U.S. at 354-55; *see also Marks v. United States*, 430 U.S. 188, 191-92 (1977) (stating that people have a fundamental right to fair warning of conduct which will give rise to criminal penalties and "that right is protected against judicial action by the Due Process Clause of the Fifth Amendment"). The constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning." *Bouie*, 378 U.S. at 458-59; *see also Hook v.*

---

[2]Respondent does not contend that Petitioner's due process claim is barred by procedural default. This argument is therefore waived. *See Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (en banc) (procedural-default rule applicable to habeas claims in § 2254 cases is subject to waiver if the state fails to raise it on appeal); *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2005) ("procedural default is a defense that may be waived if not asserted; it is not a jurisdictional matter and, therefore, we are not obligated to raise the issue *sua sponte*"); *Weiner v. Bock*, 387 F. Supp. 2d 717, 724-25 (E.D. Mich. 2005). Moreover, given that the state trial court addressed the merits of the claim, this Court would not apply any such procedural bar. *See Ivory v. Jackson*, 509 F.3d 284, 292-93 (6th Cir. 2007) (ruling that it may be appropriate to look to the state trial court's decision denying a motion for relief from judgment to determine whether the appellate courts relied upon a procedural default in denying relief pursuant to MCR 6.508(D)); *cf. Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000) (Michigan Supreme Court's citation to MCR 6.508(D) to deny relief constitutes a reasoned decision invoking a procedural bar); *Alexander v. Smith*, 311 F. App'x 875, 883-84 (6th Cir. 2009) (ruling that *Simpson* is binding precedent).

8

*Sheets*, 603 F.3d 316, 321 (6th Cir. 2010) (citing *Bouie*).

In *Rogers v. Tennessee*, 532 U.S. 451, 462 (2001), the Supreme Court clarified *Bouie* when it ruled that "judicial alteration of a common law doctrine of criminal law violates the principles of fair warning, and hence must not be given retroactive effect, only where it is unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." *Id.* at 462; *see also United States v. Barton*, 455 F.3d 649, 654 (6th Cir. 2006) (interpreting *Rogers* and stating that "when addressing ex post facto-type due process concerns, questions of notice, foreseeability, and fair warning are paramount").

The resolution of Petitioner's due process claim thus rests on whether the Michigan Supreme Court's decision overruling its prior precedent in *Johnson, supra*, and imposing a broader construction of aiding and abetting felony firearm in Michigan was foreseeable, *i.e.* not "unexpected or indefensible," in light of pre-existing law. As noted, the state trial court concluded that the new interpretation was foreseeable. This Court disagrees.

In *Johnson*, the Michigan Supreme Court considered the issue of whether a person who does not possess a firearm during a crime could even be convicted under the felony firearm statute as an aider and abetter in order to resolve a conflict within the Michigan Court of Appeals. *See Harris*, 470 Mich. at 63. While some lower courts had previously ruled that a person could be convicted of aiding and abetting felony firearm, several had ruled that a person could not be convicted of aiding and abetting felony firearm because the statute required "personal" possession. *Id.* at 63, n. 12 (noting prior conflicting cases). Against this backdrop, the Michigan Supreme Court ruled that

9

a person could be convicted of aiding and abetting felony firearm, but only if he or she aided the principal in either "obtaining" or "retaining" the firearm used during the attempted or completed felony. *Johnson*, 411 Mich. at 54. The ruling in *Johnson* was a unanimous 7-0 decision. The court also denied the prosecution's motion for reconsideration.

For more than 20 years after *Johnson* was decided, the Michigan Supreme Court and the Michigan Court of Appeals applied the *Johnson* standard consistently. In fact, those courts reversed and vacated criminal defendants' aiding and abetting felony firearm convictions in at least 13 cases during that time period. *See People v. Grace*, 457 Mich. 856, 581 N.W.2d 729 (1998) (reversing lower court decisions in lieu of granting leave to appeal and vacating felony firearm conviction "because there [was] no evidence that defendant aided and abetted in obtaining or retaining the firearm" during the murder); *People v. Ross*, No. 237886, 2003 WL 21464817, *7 (Mich. Ct. App. June 24, 2003) (unpublished) (vacating felony firearm conviction where there was no evidence that robbery defendant aided and abetting his co-defendants in either obtaining the weapon or retaining its possession); *People v. McGuffey*, 251 Mich. App. 155, 160, 649 N.W.2d 801 (2002) ("the *Johnson, Jones, Morneweck* and *Eloby* decisions require us to vacate [armed robbery] defendant's felony-firearm conviction"); *People v. Smith*, No. 204474, 1999 WL 33453995, *4 (Mich. Ct. App. March 12, 1999) (unpublished) (driving armed co-defendant to and from bank robbery did not constitute aiding and abetting procurement or retention of shotgun); *People v. Lee*, No. 188472, 1997 WL 33344643, *6 (Mich. Ct. App. July 1, 1997) (unpublished) (reversing felony firearm conviction but affirming carrying a concealed weapon conviction based upon

co-defendant's possession of weapon in car); *People v. Eloby (after remand)*, 215 Mich. App. 472, 478, 547 N.W.2d 48 (1996) (evidence was insufficient for defendant's felony firearm conviction arising from kidnapping where co-defendant possessed the gun during the kidnapping and there was no evidence that defendant aided or abetted the co-defendant in the acquisition or retention of the gun); *People v. Sanders*, 130 Mich. App. 246, 253, 242 N.W.2d 513 (1983) ("As in *Johnson* and *Slate*, defendant here did not personally possess the firearm, nor was there evidence introduced to establish that he assisted in obtaining or retaining it."); *People v. Usher*, 121 Mich. App. 345, 351-52, 328 N.W.2d 628 (1982), overruled in part on other grounds by *People v. Perry*, 460 Mich. 55, 64-65, 594 N.W.2d 477 (1999)) (reversing felony firearm conviction where prosecution failed to present sufficient evidence for bind over on felony firearm charge); *People v. Willis*, 119 Mich. App. 65, 325 N.W.2d 628 (1982) (vacating felony firearm conviction "as it is not clear that the jury found that the defendant actually possessed or aided in the possession of the firearm" during armed robbery); *People v. Jones*, 119 Mich. App. 164, 170-71, 326 N.W.2d 411 (1982) (citing *Johnson* standard, finding felony firearm instructions given to jury incorrect, and reversing felony firearm conviction because the defendant could not be found guilty of felony firearm "if she merely knew that the principal had a firearm in his possession at the time of the crime"); *People v. Slate*, 117 Mich. App. 501, 503, 324 N.W.2d 68 (1982) (reversing plea-based conviction where there was no indication that armed robbery defendant aided his accomplice in acquiring or retaining the gun); *People v. Morneweck*, 115 Mich. App. 156, 158-59, 320 N.W.2d 327 (1982) (proof that defendant knowingly assisted in felony involving a firearm is insufficient to convict defendant of

aiding and abetting felony firearm); *People v. Bruno*, 115 Mich. App. 656, 660-61, 322 N.W.2d 176 (1982) (fact that defendant acted a lookout and getaway driver for robbery was insufficient to show that he assisted in obtaining or retaining possession of firearms); *cf. People v. Hart*, No. 205782, 1998 WL 1986987, *1-2 (Mich. Ct. App. Dec. 29, 1998) (unpublished) (defendant could not be convicted of aiding and abetting felony firearm where evidence showed that his accomplice displayed a gun while he searched a victim's pockets and prevented people from fleeing apartment, but upholding defendant's felony firearm conviction based upon evidence that he possessed, but did not brandish, his own gun during robbery).

In Petitioner's case on direct appeal, however, the Michigan Supreme Court overruled *Johnson*, finding that its holding was overly narrow, and held that while a person may still be convicted of aiding and abetting felony firearm upon proof that he or she aided the principal in "obtaining or retaining" the firearm, a person may also be convicted of aiding and abetting felony firearm upon proof that he or she "aided and abetted another in carrying or having in his possession a firearm while that other commits or attempts to commit a felony." *Harris*, 470 Mich. at 68.

The Michigan Supreme Court's decision was not foreseeable for several reasons. While it may have advanced the general purposes of the felony firearm and aiding and abetting statutes, it went well beyond the Michigan Supreme Court's own previous and clear interpretation of those statutes in the context of aiding and abetting felony firearm, as well as the Michigan Court of Appeals' historically consistent application of the *Johnson* standard in factually-similar cases. *See* discussion *supra*. In fact, this Court was unable to find any Michigan cases or legal treatises which

12

challenged or criticized the *Johnson* ruling or its application in state criminal proceedings – until the Michigan Supreme Court revisited the issue in Petitioner's case on direct appeal.

Moreover, following the *Johnson* decision, the Michigan Legislature re-enacted the felony firearm statute without changing its language. Under the re-enactment rule, the Michigan Legislature is presumed to be aware of the Michigan Supreme Court's judicial construction of the felony firearm statute and to adopt that interpretation. *See Harris*, 470 Mich. at 54-55 (Cavanagh, J. dissenting) (citing *Lorillard , a Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 580 (1978)). Thus, it could be said that the Michigan Supreme Court's decision in Petitioner's case contradicted the intent of the Michigan Legislature. At the very least, the re-enactment of the felony statute without a language change or other clarification supports Petitioner's claim that the Michigan Supreme Court's decision on direct appeal was unforeseeable.

The *Bouie* line of cases are concerned with situations when a court applies a clear criminal statute in a way that a defendant could not anticipate or applies a vague criminal statute in a new and unexpected fashion. *See United States v. Mitra*, 405 F.3d 492, 496 (7th Cir. 2005); *see also Rabe v. Washington*, 405 U.S. 313, 315 (1972) (holding that Washington Supreme Court's broadening of obscenity statute, which by its terms did not proscribe defendant's conduct, did not provide fair notice and was unexpected). The Michigan Supreme Court did just that in this case. Petitioner had no reason to anticipate that the Michigan Supreme Court would alter its 20-year course and broadly construe the felony firearm statute to essentially make participation in the underlying crime in which a firearm is used sufficient to convict a person of the felony

firearm offense as well. The Michigan Supreme Court completely changed its prior interpretation of what constitutes sufficient action to aid and abet felony firearm and failed to provide Petitioner with fair warning that his conduct could subject him to criminal prosecution as an aider and abettor to felony firearm. Federal habeas courts have found such action to violate due process as articulated in *Bouie* and subsequent Supreme Court cases. *See, e.g., Rathert v. Galaza*, 203 F. App'x 97, 98-99 (9th Cir. 2006) (ruling that habeas relief was warranted under *Bouie* and *Rogers* where California Supreme Court retroactively abrogated specific intent requirement established by a decade old, uncontradicted, and controlling appellate court case); *Devine v. New Mexico Dept. of Corr.*, 866 F.2d 339, 346-47 (10th Cir. 1989) (finding that New Mexico Supreme Court's decision regarding habeas petitioner's parole eligibility was unforeseeable in light of published sources of state law); *Moore v. Wyrick*, 766 F.2d 1253, 1259 (8th Cir. 1985) (Missouri Supreme Court decision expanding scope of felony murder statute was constitutionally unforeseeable and could not be retroactively applied where no intervening case challenged or weakened prior controlling decision).

This is not a case where a state appellate court has interpreted a criminal provision for the very first time, *see, e.g., Niederstadt v. Nixon,* 505 F.3d 832, 837 (8th Cir. 2007) (habeas petitioner's due process rights were not violated by Missouri Supreme Court's first-time construction of forcible compulsion element of sodomy statute), overruled a "plainly incorrect" lower court's interpretation of a statute, *see, e.g, Hagan v. Caspari*, 50 F.3d 542, 546-47 (8th Cir. 1995) (denying habeas relief on double jeopardy claim where Missouri Supreme Court overruled intermediate appellate

14

court's decision which was contrary to clear statutory language), clarified prior or vague rulings, *see, e.g., Webster v. Woodford*, 369 F.3d 1062, (9th Cir. 2004) (denying habeas relief upon finding that California Supreme Court's construction of "immediate presence" in robbery statute and "lying in wait" in murder statute did not violate due process), resolved a disagreement among the courts in interpreting state law, *see, e.g., Evans v. Ray*, 390 F.3d 1247, 1253-54 (10th Cir. 2004) (ruling that retroactive application of state appellate court decision to resolve conflict among prior decisions was "eminently predictable" and did not violate due process and denying habeas relief), or applied a statutory provision to a new set of facts, *see, e.g., Ortiz v. New York State Parole in Bronx, N.Y.*, 586 F.3d 149, 158-60 (2d Cir. 2009) (denying habeas relief on due process challenge to state courts' interpretation of riot statute where courts had not previously considered same factual situation).

To the contrary, in Petitioner's case, the Michigan Supreme Court overruled its own prior, long-established precedent to criminalize conduct which, by its own admission, was not considered criminal under the felony firearm statute at the time of its commission. Such action violates due process. *See Bouie*, 378 U.S. at 354-55; *Webb v. Mitchell*, 586 F.3d 383, 393 (6th Cir. 2009) (discussing the *Bouie* line of cases and stating that all of those cases involved judicial decisions that "retroactively converted an innocent act into a crime"); *see also Douglas v. Buder*, 412 U.S. 430, 432 (1973). To be sure, the United States Supreme Court has held that a court overruling its own precedent is unforeseeable for the purposes of due process. *See Marks*, 430 U.S. at 192-96.

Respondent argues that the Michigan Supreme Court's decision overruling

15

*Johnson* and retroactively applying its new interpretation to Petitioner does not violate due process because the new interpretation is consistent with the broad language of the felony firearm and aiding and abetting statutes. This argument ignores one crucial fact – the Michigan Supreme Court was not writing on a clean slate in this case. It had previously given the felony firearm statute, in the context of aiding and abetting, a more narrow interpretation – that a person must assist the principal in "obtaining or retaining" possession of the firearm to be convicted of aiding and abetting felony firearm. To then broaden that long-employed interpretation, without warning or prior notice, was neither foreseeable nor fair. *See Clark v. Brown*, 450 F.3d 898, 912, 916 (9th Cir. 2006) (stating that the California Supreme Court's interpretation of felony murder special circumstance statute would not have violated due process had it been written on a "clean slate," but finding that it did so precisely because it deviated from the court's prior, narrower interpretation).

The Michigan Supreme Court's new interpretation of the felony firearm statute in the context of aiding and abetting, and its retroactive application to Petitioner's conduct, are inconsistent with the demands of due process and the United States Constitution. As one justice of the United States Supreme Court has aptly stated:

> It is simply not fair to prosecute someone for a crime that has not been defined until the judicial decision that sends him to jail. 'How can the public be expected to know what the statute means when the judges and prosecutors themselves do not know, or must make it up as they go along?'

*Sorich v. United States*, _ U.S. _, 129 S. Ct. 1308, 1310 (2009) (citation omitted) (Scalia, J. dissenting from denial of certiorari). Petitioner was denied due process and the right to a fair proceeding by the Michigan Supreme Court's decision on direct

16

appeal of his convictions. The state court decisions finding otherwise and denying him relief are contrary to and/or an unreasonable application of *Bouie* and its progeny. Habeas relief is warranted on this claim.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is entitled to habeas relief on his supplemental due process claim. Accordingly, the Court GRANTS the petition as to this claim.

Given the Court's conclusion that the Michigan Supreme Court's revised interpretation and retroactive application of the felony firearm statute in the context of aiding and abetting does not pass constitutional muster, and given that the Michigan Supreme Court has already ruled that the prosecution failed to present sufficient evidence to support Petitioner's felony firearm convictions under the *Johnson* standard, Petitioner is entitled to have his felony firearm convictions vacated. Respondent is directed to take such action forthwith. Should Respondent timely appeal this decision to the United States Court of Appeals for the Sixth Circuit, the order to vacate Petitioner's felony firearm convictions is stayed pending the resolution of that appeal.

SO ORDERED.

Dated: September 8, 2010          S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 8, 2010, by electronic and/or ordinary mail.

                                   S/Shawntel Jackson
                                   Relief Case Manager, (313) 234-5160